### DASTE v. HARRISON et al.

### No. 1729.

Court of Appeal of Louisiana.   First Circuit.

June 30, 1937.

R. G. Beale and W. M. Hall, both of Baton Rouge, for appellants.

M. J. Wilson and Blanche & Hebert, all of Baton Rouge, for appellee.

ʼOTT, Judge.

The facts and issues in this case appear from the pleadings and admissions of the parties. In so far as the facts are necessary for a decision of the case, they may be stated as follows:

On December 21, 1935, plaintiff sold to the defendants, Holt G. Harrison and H. J. Lynch, two plots of ground in the city of Baton Rouge for the consideration of $3,500. In the act of sale the vendees, defendants here, assumed the taxes on the property for the year 1935. Contemporaneously with the execution of the deed, the defendants signed the following document:

"Baton Rouge, La.

"December 21st, 1935.

"Rosalie Daste having given us the sum of three hundred and seventy and 65/100, ($370.65) to pay the taxes assessed against the property this day sold to us for the year 1935. Should the taxes for the year 1935 amount to less than the sum of $370.65 we hereby agree to refund to Rosalie Daste the difference between the amount given us and the amount of taxes which are assessed against the said property for the year 1935.

"[Signed]   Holt T. Harrison
"H. J. Lynch.

At the time of the sale and the signing of the above agreement there was pending before the Louisiana Tax Commission an application for a reduction in the assessment on this property for the year 1935. On February 15, 1936, the defendants sold the property to the city of Baton Rouge, and in the act of sale the city assumed the taxes for 1935 on the property.

On March 7, 1936, the assessment on the property was reduced from $11,360 to $5,680, that is, one-half. Plaintiff made a demand on defendants for the return of the $370.65 given them to pay the taxes for 1935, on the ground that defendants had not used the money, in paying the taxes. On the refusal of defendants to return the money, this suit was filed. After the reduction in the assessment, the taxes amounted to $157.79, and defendants admit owing the difference in the taxes and the amount received by them, or the sum of $212.86, which latter amount, with interest and cost, was tendered to plaintiff, and refused by her. Judgment was rendered in favor of plaintiff for the full amount claimed by Judge W. Carruth Jones on December 1, 1936. · An application was made for a rehearing, and this application was granted by Judge Holcombe, who, in the meantime,

assumed the bench on the retirement of Judge Jones. Judge Holcombe also rendered judgment in favor of plaintiff for the full amount claimed, and it is from this judgment that this appeal is taken.

We quote the following from the written reasons for judgment given by Judge Holcombe:

"The defendants claim in their answer, and urge in oral argument of counsel, and by brief, that the assumption by the City of Baton Rouge in the sale by the defendants to the City of the payment of the 1935 taxes on the property involved formed a part of the consideration of the sale, and that said assumption inured solely to the benefit of the defendants. The plaintiff on the other hand contends that the money left with defendants on December 21st, 1935, was for the sole and only purpose of paying such taxes as defendants would be required to pay, and that as the defendants have not paid, nor been required to pay any sum of money for taxes whatever, plaintiff is entitled to recover the full amount of the deposit made with the defendants, that is, $370.65 with interest."

Here the trial judge cites certain cases which are relied on by defendants in their claim that the assumption of the taxes by the city inured to their benefit, which cases the trial judge found to be inapplicable, and then the judge continues in his opinion:

"Even if the assumption of the taxes assessed against the said property for the year 1935 by the City of Baton Rouge as a matter of law inured to the benefit of the defendants in this case and not to the plaintiff, about which there is a great doubt, we are faced with the written agreement in this case, which, in the opinion of the court, makes it obligatory on defendants to return all of said deposit not used to pay taxes to the plaintiff.

"A fair and equitable interpretation of that agreement is that the money deposited by the plaintiff with the defendants was to be held by them and used for the payment of the taxes assessed against said property.

Actually, none of it was used for the purpose of the payment of taxes, and the court is of the opinion that in view of this contract or written agreement, the defendants waived any right to retain any portion thereof not used for the purpose for which it was left with defendants."

■ It is also well to add that nothing in the record shows that the assumption of the taxes by the city of Baton Rouge formed a part of the consideration of the sale other than the legal conclusion that might arise from the assumption. We are informed that the consideration recited in the deed from defendants to the city of Baton Rouge was the sum of $5,000. We cannot assume, in the absence of that deed, that the assumption of the taxes for 1935 was an additional consideration. In fact, the situation as it then existed would make it difficult to make such an assumption when we consider that, when the deed was made on February 15, 1936, the assessment had not then been reduced, and the taxes were, at that time, twice as much as they were after the reduction. If defendants are correct in their position, who should receive the benefit of the reduction, the City of Baton Rouge which had also agreed to pay the taxes, the defendants who had obligated themselves to pay them, or the plaintiff who was originally and primarily liable for their payment? It would seem just as logical to say that this reduction should inure to the benefit of the city of Baton Rouge, which had obligated itself to pay the taxes of 1935, as to say that the assumption of the taxes by the city inured to the benefit of defendants.

■ The fact remains that defendants received this money from plaintiff for a specific purpose, and the money was not used for that purpose. According to the strict terms of the contract, we think the trial court was correct in holding defendants liable for the return of the money.

For the reasons assigned, the judgment is affirmed at the cost of appellants.